Please be seated and good morning everyone. Before we get started this morning I would like to on behalf of the entire court and my colleague Judge Lee welcome our newest judge, Judge Joshua Kohler, who comes to us just about a month ago. So he's jumping right in with court sittings. He comes to us from the Northern District of Indiana where he served most recently as a magistrate judge and prior to that as a member of the U.S. Attorney's Office and did a stint in private practice before that and we are delighted and privileged to have a judge of his character join the court as our most recent addition. So welcome Judge Kohler. Thank you very much Chief Justice. All right with that I will call our first case this morning. It is United States v. Otho Harris. Mr. Hillis who is not a newcomer to this courtroom. May it please the court, counsel, I'm Daniel Hillis with the Federal Public Defender's Office. I represent Mr. Harris on this appeal and he raises a single issue. I'll begin with the standard of review because there's a dispute about that and also move on to waiver error. This court has recently issued several opinions that address what the course of imposing the sentence or immediately before alights on something that is then the target of the appeal and says that de novo review is the appropriate standard under those circumstances and so we would rely on those authorities to say that that is the appropriate standard review. We think we can win even under plein air review if that's not correct but in the interim a conversation on waiver may be appropriate and so where the government asserts there is waiver here we would say it is not a waiver. We have a pro se defendant. The issue of restitution was not discussed. It wasn't accounted for. There was a single reference to $200,000 as an aggravating factor that's at page 10 and then in the imposition of the sentence so the $200,000 is briefly mentioned. Well my client's sole focus as the pro se defendant is to get the 60 month sentence that he thought he bargained for. Well let's back up. There was an explanation of the restitution in the PSR and the attachment to the PSR and I know you can test the adequacy of that but let's just set that aside and focus on what that means for purposes of waiver analysis because we do have to contend with our decision in the Flores case and the Hernandez case as those cases spoke to the line between waiver and forfeiture and how this court analyzes that line and brought about something of a clarification of our case law on how the court analyzes that line when it comes to decisions like this. One of those cases had to do with the Flores case had to do with conditions of supervised release. I don't need to tell you that was your case and Hernandez had to do with restitution so you do have to contend with those cases and the sort of restatement of the law of forfeiture and waiver in this circuit that those cases represent. Entirely fair judge and so I would also throw in as part of the volley we would have Jenkins and other cases that talk about criminal history or cases where you have an enhancement that was not something that somebody thought should be included in those cases don't always result in waiver even though on all fours they would say they're similar in feature to the cases that you just mentioned but I'll start with Hernandez. So in the Buster Hernandez case which is not a case that the government relied on but I am familiar with what your honor is discussing there was as the court described it a strategic reason for the person who is represented by counsel to make a choice to try to focus only on the sentence and not dispute what the loss amounts would be for restitution purposes for the victims in those cases. And that's case and Hernandez built on the Flores case we said that a strategic reason to give up an issue in the district court is a sufficient condition but not a necessary condition to find waiver and so is that true in this context as well is it one of several factors and if it exists then that's if not decisive near decisive evidence of waiver or is it a necessary condition because that was what was confusing in our case law before Flores. Yeah I think it has to be a necessary condition if you look to the case law that precedes Flores precedes Hernandez it's always the case that waiver is supposed to be construed liberally in favor of the defendant and so if there is simply a miss and there's not a strategic purpose for it there is no waiver it is a necessary condition. Well it wasn't in Flores and that's the supervised release context so why would that principle that strategic a strategic reason whether conjured by the court or otherwise is not a necessary condition in the context of analyzing waiver forfeiture in the supervised release context but it is in this It would be unsatisfactory I suppose to hear that it seems to be sometimes a matter of where we wish to go and so that is unsatisfying as a litigant and perhaps as a court to apply as a principle but I struggle when I look at Jenkins to say if you didn't talk about criminal history why isn't it waived in Jenkins in other cases where there's an enhancement why wouldn't it be waived in those circumstances and it sometimes does seem to read according to case law based on subject matter judge so if you wish to throw your arms around lots of cases and try to reconcile them holistically I think there's a big job to do on these things so I would say if we look just at this record in this case because I cannot easily tell you why is that somebody should have lost in Flores lost in Hernandez won in Jenkins won in some other case it seems to be a matter of picking where we wish to go but I will say this that if we look at the record in this case we would try to genuine and obvious from the record we'd look and we'd say that the sentence that my client wanted was 60 months and once the judge gave 120 months there's no reason to hold back then unless you simply don't know and the judge told my client if I could cut in here for a second it seems to me in those cases when we're talking about we're trying to define what the strategic reason is we're trying to figure out what the reason was for the silence right here though it seems to me that on page six of the transcript the court affirmatively asked mr. Harris so are you satisfied with the accuracy of that factual information that is set forth in that report and he goes yes sir to me that's not silence that's affirmative agreement and so you know I guess what more is a judge you know we are asked to resolve dispute disputes with regard to the factual allegation of the PSR disputes as to the sentencing range right and so one of the first things we do is try to figure out what is in dispute and what is not and so when mr. Harris says or mr. Harris says you know what judge I have actually I'm I'm totally satisfied with the accuracy of the factual statements including in the PSR there is later on when they go through sentencing options what the loss amounts are why isn't that an affirmative waiver as opposed to waiver by silence sure I think you have to look at the exact context and what the question was so is there a dispute about the facts in the PSR and my client answers no my client was also told by the judge he doesn't have to say one thing one way or another in the case but when he likes to answer and he says no he answered correctly all the PSR said is the government's going to seek restitution of $195,000 it didn't give a basis as is required under the law for restitution determinations it simply said here's what the government's going to ask for there's nothing by a sort of rendition of proof that's contained in there so we would be first of all looking at the question and the answer and so no there's not an objection when the government is going to ask for this as a mountain restitution that's just then presage forecast about what we need to do next and now but I established the burden of proof and we don't want to rubber stamp like the 10 circuits cautioned against inferred judge so mr. Ellis I see what you're saying when the when the PSR first mentions that the government's going to seek restitution but in paragraph 110 right where it sets forth kind of the sentencing options it says clearly their victim name Abbas Hamdan amount of loss one hundred and sixty thousand seven hundred and one dollars to me that's a factual statement and the judge is trying to figure out is this going to be in dispute and if not then I'll have to have some sort of evidentiary hearing or bring the victim in or have you know some additional factual development for the record but if there's no dispute as to that amount I just go on right that's nothing more than a sub part with the government's request is the government says it's $35,000 the policy limit that's the bare minimum that scrutinized by the insurance company but this isn't saying that in 110 isn't saying the government's going to ask it says under the PSR this is what it is I think judge fairly read when the government says it's going to ask for 195 the policy limits 35 the remaining balance they're going to assert on behalf of mr. Hamdan is the 160 and then we would look as district court judges to say so we don't rubber stamp things what is the proof that is offered by the government where's the affidavit where's the information that allows us to calculate we pick this apart I think more in the opening brief but there's nothing about the valuation so if you were to take an iPhone that is now three generations old and it has the bare amount of memory and it compared to another one you can't ask for full retail value to be awarded in this I will have to rush to but for purposes of plain air review suppose everything is correct and we're past waiver at least and we don't know what standard of review we're going to use or at least perhaps I don't we then come to the issue of plain air and well I think it we would still have the inability to impose a sentence that it exceeds what the law allows that includes not just statutory sentencing for amount of imprisonment but also for amounts of restitution when we get to restitution this loss amount as calculated by the judge would include lost profits lost profits are not allowed under the statutory stacks tax that's clear as day and so there would be a plain air problem with respect to the ultimate calculation of the remaining $160,000 well how would that and I know you're out of time but this the merits issue is important too because you're arguing the depreciation issue you're arguing about the proper measure of loss whether it's actual that or whether it's market value or replacement value there's arguments about what is the metric for evaluating replacement value these are highly nuanced questions of loss amount of the sort that would be litigated in personal injury cases for example and how is it obvious or plain in within the meaning of the Alano plain error standard assuming we're in plain error world here that it's a forfeiture and not a waiver how is it obvious to a district judge that these issues are lurking under the surface when an objection is not made that's a necessary prerequisite for plain error review to say nothing of the you know substantial rights and causing disrepute to the proceedings etc which are the back-end inquiries right so that's one part of what we could back it out a little bit further and say but the law requires a full accounting a complete accounting I'd use the word fulsome but I might get in trouble so I would say complete accounting is required and there isn't one here look at the chart we just have a third party who offers insufficient evidence less so as a qualitative matter than what we have in Ferdman we could start there and say that that is a violation and I have argued that in the brief to say that that's a problem separate from the metrics and the valuation efforts there but we did ask the court to take judicial notice and I think that that would allow us to say these valuations are askew you cannot have a phone that is many years old selling with no proof of the ability to sell the phone and so the government didn't meet its burden in the first instance you have a blanket assertion of a loss amount that is untethered to than a third-party spreadsheet on an amount that it was never going to pay because of far exceeding policy right the evidence was the insurance claim and and your argument is that we would expect any district judge to recognize that that's insufficient that's true but we also expect every district court judge to comply with the other legal requirements such as the complete accounting and that wasn't done here either so I'm saying if you wish to write an opinion and avoid some of these messy things and throw it back to the district court in the first instance something you can entirely do here because we have the procedural problem the air that we otherwise complained of thank you thank you mr. Williamson good morning may it please the court Brian Williamson on behalf of the United States defendant waived his restitution on appeal his restitution challenge on appeal by failing to dispute it during sentence and I want to just broaden our lens a little bit here it wasn't just that he was asked whether he could confirm the accuracy of the PSR he was on notice since the plea agreement that restitution would be required in this case the government appended the insurance report with the corresponding amounts that led to the restitution figure in the government's version of offense that was reinforced in the government sentencing memo and then of course we had the PSR which as you affirmatively set out that the restitution figures would be roughly 165 or 160 and 35,000 and earlier in the report the probation officer elaborated on that by referring to the insurance claim to the extent there was any doubt about the factual basis correct your honor and conducted interviews with both the victim and an insurance company representative okay so do we have to take account of the fact that this defendant was proceeding pro se as we apply waiver principles and forfeiture principles so I think that the context for that is certainly there your honor as I mentioned before if it's a question of notice he was certainly on notice that a restitution figure was going to be involved was going to be that $195,000 amount I would point to the fact that defendant may have been pro se but he was he was willing and able to challenge his custodial sentence when the time came when the judge that's a different order of magnitude he wanted a 60-month sentence the mandatory minimum and thought he was gonna get it by the way he was reading correspondence with his standby counsel apparently reading between the lines of the transcript I was focused on jail time not restitution I wouldn't disagree that it's a different order of magnitude but he was certainly willing and able to answer in the affirmative when questioned about the PSR that's clear in black and white I'm not sure we can get a reasonable reading of that otherwise that segment when the judge the sentencing judge asked twice do you agree with the factual accuracy of what's contained in the PSR and the government's argument would be that any mention of the PSR would necessarily incorporate by reference given that there have been prior proceedings on this prior motions filed on this that restitution would have been included therein so to the strategic choice question defendants guidelines range was below the mandatory minimum and he chose not to upset the applecart by challenging any aspect of the PSR especially prior to when his sentence was handed down here he was accepting responsibility for his actions which meant he was taking the victim at which meant that he was accepting the factual accuracy of the PSR including the items claimed lost in the fire the vetting that the insurance company had done on those items and the vetting that probation had done on those claims moving on a bit if this court finds the defendant did not waive his restitution before we get to that point is is a strategic reason to give up an issue a necessary condition for waiver in this context your honor I would say here it's just sufficient the strategic reason backing his decision is clearly present in in in how this was sequenced so prior to I'm not talking I'm talking about as a general legal rule as we're sorting out how to find the line between waiver and forfeiture your honor I the government acknowledges that the case law and this is a little bit mixed but we would our position would be that it's a sufficient condition is there a distinction between supervised release condition waivers which was the context of Flores and waivers of objection to restitution to guidelines enhancements to other sorts of inputs into the sentencing decision your honor I would say that a restitution figure and a supervised release condition are actually fairly analogous in the something above and beyond the custodial sentence we're talking about something that is presented within the four corners of the PSR we're talking about the defendant being on notice of such a thing there there are direct parallels in that in that analogy miss Williamson if the court had directly asked mr. Harris so under the PSR the PSR says the loss amount is $160,000 do you agree with that amount and mr. Harris says yes and the judge asked well do you intend to challenge that amount and mr. Harris says no do we care why he's saying those things at that stage your honor that would be clear enough that we wouldn't be trying to read the tea leaves of an intentional relinquishment or not I think that that's a little bit more advanced and forward than the circumstances we're talking about here but it's not altogether that different because we end up in the same place but there that's more in intentional relinquishment but with a you know no question of whether there's a strategic choice behind that rather than falling back on whether the government can proffer a strategic a strategic choice after the fact so the strategic choice analysis is really useful in those instances where there's some ambiguity and in the record I would agree with that your honor so it's never a useful data point correct your so moving on to the should plain error apply here the district court merely adopted an undisputed portion of the PSR federal courts may only order restitution when authorized by statute and here the preponderance standard that defendant cites in his briefs is only required upon a resolution of dispute and as we've just shown because nothing was disputed nothing was challenged that preponderance standard does not come into play so what we're left with is whether the district court had information sufficient to arrive at a restitution order this principle aligns with courts obligations as to other parts of the PSR sentencing federal rule of criminal procedure 32 I provides that a district court may accept any undisputed portion of the PSR as a finding of fact and this court has supported that so certainly it would not be plain error for the court to rely on an undisputed point of the PSR and even if the district court was required to make a finding so setting aside that the PSR was undisputed if the district court was required to make a finding it did not plainly err in making the victim whole by ordering restitution for the full value of goods lost in the fire it's important to remember that the Mandatory Victim Restitution Act the purpose behind that is to restore the victim to their original state of well-being and here the items lost in the fire accounted for that state of being prior to the crime occurred well replacement values is going to yield a higher number than market value once depreciation and obsolescence are and like your honor I actually argue that replacement cost would be a lower value than retail costs because replacement cost has not yet incorporated overhead maintenance labor storage those types of calculations that make up a higher retail value after the fact so the insurance report is quite clear that we're in cost land we're not in price land and the certain items as it made up the policy cap for the $35,000 that constituted policy limits but the larger share the lion's share of the restitution awarded was not analyzed for those considerations that's just the the basic claim from the insured the the victim here that's right so that component of evaluated as a substantive matter well your honor it's still coming from the best source possible of information which would be the victim in this case and again falling back on the standard review here a little bit because none of this was challenged this was challenged at arrest or the sentencing hearing the judge could have said okay we're moving forward with custodial sentence and we're moving toward we're gonna set a further date for restitution where we can attack these details at a granular level because that did not occur we're left in the situation we are now where it's essentially that undisputed portion of the PSR and sure that is based on the reported cost of the victim but if you're going to start an investigation start an adjudication about the value of items lost in the fire that has to be your starting point to begin with and that the insurance company did do some vetting and that replacement cost of those items not the retail value of those items that all speaks to the propriety of the district court accepting that the value set out by the insurance company based on a replacement cost basis so even if accepting defendants argument that we are talking about retail price here which the government would reject but still move on that also would not from the 6th and 2nd circuits support a calculation based on retail price as a way to fully restore the victim under the MVRA so if there are no further questions the government would ask the court to affirm the sentence thank you thank you mr. Hill is your time had expired but you can have some additional time if you have something to say in rebuttal two minutes back on the clock thank you appreciate it where the government mentioned vetting I take issue I don't think there was much vetting it's certainly not apparent in the PSR there's no report that would be consistent say there's a complete accounting that we know that there's much vetting there's any vetting it was probably with regard to the $35,000 once we hit that amount I don't think the insurance company was poised to investigate anything further invest itself further in any determinations as far as the loss amounts asserted by insurance victims are the best source I would say talk to any claims adjuster on that different answer people routinely assert a higher value than what something might be worth and the insurance company is oftentimes not paying the full amount that's asserted by a victim as far as whether a person's statements are just a useful data point whether or not the strategic reason rather it's just a useful data point I would say that's hard to reconcile with the preceding case law that says that we should give a liberal interpretation to waiver if we're just looking at as useful data point we seem to be doing an illiberal reading of what waiver requires and so I find that to be problematic what about something just a shade less aggressive than that and that it's an especially useful data point when we're considering an ambiguous record or potentially ambiguous record as gently was suggesting that that a be an important component when we're evaluating something less than you know I do not want to challenge restitution when we're challenging looking at something like this record I don't have any objection to the PSR I think if it's ambiguous it leans towards a liberal construction not to a liberal construction but may mention one quick thing on supervised release regarding that compared to restitution supervised release it could be that there are so many cases people were desperate to turn off the spigot somebody aggravated the to no end I couldn't say but I will say that with regard to the two things as a conceptual matter they're very different like a sentence that you have forever and you're not likely to change restitution is characteristically different from supervised release conditions that you can modify under 18 USC 3583 there's a procedure for that once you get a restitution judgment against you it is worse than anything because you can't even assert ineffective assistance of counsel with regard to restitution amounts so you are a sentence reduction in some regard even on your criminal sentence for the amount of imprisonment you have but I see no way to ever challenge this loss amount that is very different from what you could do at least these of these supervised release in order to change the length and the conditions of supervision so I do think that there is a conceptual difference that should be considered and not to mention last but least but my client was proceeding per se and he seemed a bit addled to me about what was going on in the proceedings all right thank you very much our thanks to both counsel the case is taken under advisement